FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 30 2026

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs.

**ASA SHAW,**

Defendant.

**Cr. No.** 26-348 MLG

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States of America, and the Defendant, Asa Shaw, with the advice and counsel of his attorney, Melissa Morris. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## REPRESENTATION BY COUNSEL

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

- to be prosecuted by indictment;
- to plead not guilty, or having already so pleaded, to persist in that plea;
- to have a trial by jury; and

- at a trial:
  - i. to confront and cross-examine adverse witnesses,
  - ii. to be protected from compelled self-incrimination,
  - iii. to testify and present evidence on the Defendant's own behalf, and
  - iv. to compel the attendance of witnesses for the defense.

**WAIVER OF RIGHTS AND PLEA OF GUILTY**

3. The Defendant agrees to waive these rights and to plead guilty to the following counts of the information:

- Count 1, charging a violation of 18 U.S.C. § 933(a)(1), that being Trafficking in Firearms;
- Count 2, charging a violation of 18 U.S.C. § 922(o), that being Possession of a Machinegun, and
- Count 3, charging a violation of 26 U.S.C. § 5861(d), that being Possession of an Unregistered Firearm.

**SENTENCING**

4. The Defendant understands that the penalties provided by law for these offenses are:

Count 1: Trafficking in Firearms

- imprisonment for a period of not more than fifteen years;
- a fine not to exceed the greater of $250,000 or the amount equal to twice the gross profits or other proceeds of the offense;
- a term of supervised release of not more than five years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then

released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

- a mandatory special penalty assessment of $100.00; and
- restitution as may be ordered by the Court.

Count 2: Possession of a Machinegun

- imprisonment for a period of not more than ten years;
- a fine not to exceed $250,000;
- a term of supervised release of not more than three years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);
- a mandatory special penalty assessment of $100.00; and
- restitution as may be ordered by the Court.

Count 3: Possession of an Unregistered Firearm

- imprisonment for a period of not more than ten years;
- a fine not to exceed $10,000;
- a term of supervised release of not more than three years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised

release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

- a mandatory special penalty assessment of $100.00; and
- restitution as may be ordered by the Court.

5. The parties recognize that the federal sentencing guidelines are advisory and that the Court is required to consider them in determining the sentence it imposes. The Defendant further recognizes that while the Defendant's attorney may have made a prediction or estimate of the sentence that the Court may impose, the Defendant understands that the Court is not bound by any such estimate or prediction.

## ELEMENTS OF THE OFFENSE

6. If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

Count 1: 18 U.S.C. § 933(a)(1), that being Trafficking in Firearms:

*First*: The defendant shipped, transported, transferred, caused to be transported, or otherwise disposed of a firearm to another person,

*Second*: In or otherwise affecting interstate or foreign commerce;

*Third*: Knowing or having reasonable cause to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony.

Count 2: 18 U.S.C. § 922(o), that being Possession of a Machinegun:

*First*: The defendant knowingly possessed a machinegun; and

*Second*: The defendant knew, or was aware of, the essential characteristics of the firearm which made it a "machinegun" as defined by § 921(a).

Count 3: 26 U.S.C. § 5861(d), that being Possession of an Unregistered Firearm:

*First*: The defendant knowingly possessed a silencer;

*Second*: The defendant knew of the specific characteristics of features of the silencer that caused it to be registerable under the National Firearms Registration and Transfer Record;

*Third*: The silencer was capable of operating as designed;

*Fourth:* The silencer was not registered to the defendant in the National Firearms Registration and Transfer Record.

**DEFENDANT'S ADMISSION OF FACTS**

7. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offenses to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offenses to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the information that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

On or between January 2023 and April 10, 2025, in Sandoval County, in the District of New Mexico, I, ASA SHAW, unlawfully and knowingly shipped, transported, transferred, caused to be transported, and otherwise disposed of a firearm to another

individual in and affecting interstate commerce, knowing and having reason to believe that the use, carrying, and possession of the firearm would constitute a felony.

On April 10, 2025, agents executed a Search Warrant on my residence at 4260 Russel CT NE, Rio Rancho and seized items which included many firearms, including machineguns, machinegun conversion devices, and silencers. They also seized several tools which I had used to modify firearms for sale, which I then transported or transferred to other individuals in and outside of New Mexico. Some of the firearms I transferred were modified to be fully automatic, and I knew that the use, carrying, and possession of those firearms would constitute a felony.

I knowingly possessed the machinegun conversion devices that were located in and seized from my residence. I know these are parts designed and intended solely and exclusively for use in converting weapons into machinegun, that is, a weapon capable of automatically firing more than one shot, without manual reloading, by a single function of the trigger.

I knowingly possessed the silencers that were located in and seized from my residence. I knew that these devices could be used for silencing, muffling, or diminishing the report of a portable firearm, and that they were not registered in the National Firearms Registration and Transfer Record.

8. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crimes to which the Defendant is pleading guilty and agrees to affirm the facts set forth above during the plea colloquy. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

**RECOMMENDATIONS**

9. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend as follows:

- As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Consequently, pursuant to U.S.S.G. § 3E1.1(a), so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and if applicable, a reduction of an additional offense level pursuant to U.S.S.G. § 3E1.1(b).
- The Defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence. If the Court does not accept any one or more of the above recommendations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, the Defendant will not seek to withdraw the Defendant's plea of guilty. In other words, regardless of any of the parties' recommendations, the Defendant's final sentence is solely within the discretion of the Court.

10. Apart from the recommendations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a).

11. Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADDITIONAL AGREEMENT

12. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

13. The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

14. The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the

Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

15. By signing this plea agreement, the Defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the Defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, the Defendant understands that if the court rejects the plea agreement, whether or not the Defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and the Defendant shall be subject to prosecution for any federal, state, or local crimes which this agreement otherwise anticipated would be dismissed or not prosecuted.

16. The Defendant will not willfully fail to appear for any court appearance in this matter, nor willfully fail to surrender as ordered for service of any sentence.

17. The Defendant agrees not to engage in conduct that would constitute a new crime. Offenses that would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this paragraph's agreement.

18. Defendant agrees not to engage in conduct that would constitute obstructing or impeding the administration of justice under U.S.S.G. § 3C1.1.

## FORFEITURE

19. The Defendant agrees to forfeit, and hereby forfeits, whatever interest the Defendant may have in any asset derived from or used in the commission of the offense(s) in this case.

20. The Defendant voluntarily and immediately agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following assets and properties:

- 11 Silencers with no serial numbers;
- A Surefire LLC SOCOM300-SPS 762 caliber silencer with serial number A49N02769;
- A Glock 19 9mm caliber pistol with serial number CBEH367;
- An Aero Precision X15 300 caliber rifle with serial number X522439;
- A Mossberg 500 20-gauge shotgun with serial number MV06559119;
- A Jimenez Arms J.A-9 9mm caliber pistol with serial number 053838;
- A Remington Arms Company 870 12-gauge shotgun with serial number FAF018473;
- An Aero Precision JOD-M4 multi caliber rifle with serial number JODM400610, with an Aero Precision LAHAR-30L unknown caliber silencer with serial number LK-000165 attached;
- A CMMG MOD4 multi-caliber rifle with unknown serial number;
- A DC Industries NDS-3 762 caliber rifle with serial number 3006964;
- A Retay Arms LTD Gordion 12-gauge shotgun with serial number 73H23YT002785;
- An Uzi IMA MA unknown caliber rifle with serial number SA24912;
- An Izhmash (IMEZ) Saiga 762 caliber rifle with serial number X12101697;
- A Bobcat Weapons Inc BW5 suspected machinegun with no serial number located;
- A Suspected Machinegun with serial number 57348;

- A Machinegun model AKM-47S 7.62x39 caliber with an unknown serial number;
- A Machinegun Bren MK II receiver;
- A Suspected Machinegun 1919A-5 .30 caliber receiver;
- An Odin Works Inc OTR-15 multi-caliber receiver with serial number OW2200401;
- An HM Defense HM-15F 223 caliber receiver with serial number HM006057;
- A suspected Ruger trigger assembly parts;
- A suspected receiver with serial number 9992312;
- 8 suspected receivers with no markings;
- A suspected HK trigger assembly parts;
- An AK 7.62 caliber receiver with serial number BE0544;
- A drum-style magazine and holster;
- Assorted ammunition;
- A Drill Press;
- A M16 Drill JIG – New Frontier Armory brand;
- A CNC machine with dolly;
- A Lake City 556 caliber round of suspected Armor Piercing ammunition;
- 56 suspected machinegun conversion devices;
- Casing and ammunition links for belt-fed weapon;
- A Suspected machinegun model M2 with serial number MU2348G; and
- Numerous bottles of Chemical CERAKOTE.

21. The Defendant consents to the prompt entry of a preliminary order of forfeiture and entry of a final order of forfeiture, pursuant to Fed. R. Crim. P. 32.2, without further notice to the Defendant. The Defendant also agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the Defendant's interest in the above-described property to the United States.

22. The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

23. The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property. The Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## WAIVER OF APPEAL AND POST-CONVICTION RIGHTS

24. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's convictions and sentence, as well as any order of restitution entered by the Court. This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence.

25. The Defendant also waives the right to appeal any sentence imposed below or within the guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation guideline range.

26. The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).

27. In addition, the Defendant agrees to waive any collateral attack to the Defendant's convictions and any sentence, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

28. The Defendant waives any challenge related to the initiation or conduct of his case by the United States Attorney's Office or Assistant United States Attorneys in the absence of a United States Attorney appointed by the President and confirmed by the Senate.

## GOVERNMENT'S ADDITIONAL AGREEMENT

29. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

- The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present information.

## VOLUNTARY PLEA

30. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

31. The Defendant agrees that if the Court finds by a preponderance of the evidence that the Defendant has violated any provision of this agreement, the United States will be released from its obligations under the agreement.

32. The Defendant further agrees that in the event the Court finds that Defendant has breached this plea agreement, thus releasing the United States of its obligations under the agreement, such events do not constitute a fair and just reason under Rule 11(d)(2)(B) for withdrawing the guilty pleas entered pursuant to this agreement.

33. Following the Court's finding of a breach of this agreement by the Defendant, should the United States choose to pursue any charge that was either dismissed or not filed as a result of this agreement, the Defendant waives any defense to that charge or charges based on the lapse of time between the entry of this agreement and the Court's finding of a breach by the Defendant.

## SPECIAL ASSESSMENT

34. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $300 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

35. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 30th day of January, 2026.

TODD BLANCHE
Deputy Attorney General

RYAN ELLISON
First Assistant United States Attorney

RACHEL EAGLE
Assistant United States Attorney
201 Third Street, Suite 900
Albuquerque, New Mexico 87102
(505) 346-7274

I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

MELISSA MORRIS
Attorney for the Defendant

I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement.

ASA SHAW
Defendant